DUDLEY
v.
STAPLES.

DUDLEY *against* STAPLES.

IN ERROR, on *certiorari* to a justice's court.

Where a person was passing through a county other than that in which he resided, and a justice of that county issued an attachment against him under the 23d section of the *act for the recovery of debts to the value of 25 dollars,* (1 *N. R. L.* 398.) the proof on which it was issued being, that a warrant had been issued by the justice against the defendant, the service of which he had avoided, and a copy of the attachment was served by leaving it at a store at which the defendant had been a short time before; it was held, that the provisions of the act did not apply to a case of this kind, and that the proof on which the attachment was issued, and the service of the copy, were insufficient.

The proceedings in the court below were commenced by the defendant in error against the plaintiff in error, by attachment. *Dudley,* the defendant below, at the time when the attachment was issued, was an inhabitant of the county of *Schoharie,* and the justice, who issued the process, was a magistrate in *Schenectady* county; and issued the attachment against the property, while it was passing through that county. The justice had previously issued a warrant against the defendant which could not be served, and it appeared that the service of a copy of the attachment was made by leaving it at the store of the plaintiff below, where the defendant had been shortly before. On the trial the defendant appeared and objected to the proceedings as improperly and irregularly commenced, but the motion was overruled; and the cause was tried and judgment rendered for the plaintiff below.

*Per Curiam.* The principal question, in this case, is, whether the justice had any authority to issue an attachment. The 23d section of the act (1 *N. R. L.* 398.) under which the process issued, authorizes any justice of the peace, in any county, on application, and satisfactory proof, by at least one disinterested witness, that any person against whom the applicant may have a demand not exceeding twenty-five dollars, hath departed, or is about to depart, from such county, or is concealed within the same, with intent to defraud any of his creditors, or to avoid being personally served with any process, &c. to issue an attachment, &c. The magistrate lived in the county of *Schenectady*, and the person against whom the attachment issued was a resident in the county of *Schoharie.* The justice returns, that the proof made before him, and upon which the attachment issued, was, that an attempt had been made to serve a war-

rant on the defendant below, and that he ran away to avoid such service, and that he was then absconding for the purpose of avoiding the personal service of such process. The obvious intention of the act was, to give the process of attachment against the property of a person who had absconded, or departed from his usual place of residence, and not where he might be occasionally travelling through a county; besides, the mere fact of not being able to serve a single warrant upon a traveller, who, for many reasons, might wish to avoid the arrest, without being chargeable with intent to defraud his creditors, is not that kind of evidence of concealment contemplated by the act; and the provisions of the 24th section very strongly corroborate the construction, that an attachment cannot be issued in a case like the present. It is made the duty of the constable to leave a copy of the attachment at the dwelling house, or other last place of abode of the defendant, and the provision is entirely evaded in this case; for it is absurd to consider the store of the plaintiff, where the defendant was for a few minutes, his dwelling-house, or last place of abode. The judgment must, therefore, be reversed.

Judgment reversed.